UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Daniel Wesley Allen,

Petitioner,

vs. ORDER

Warden Constance Reese,
Federal Medical Center,
Rochester, Minnesota,

Respondent. Civ. No. 01-1097 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of September, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a routine review, in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Petitioner's Motion for Appointment of Counsel. The Petitioner appears pro se, and the Respondent has made no appearance for the purpose of the Motion.

II. Discussion

In his Petition, which was filed on June 18, 2001, the Petitioner alleges that he is being illegally detained in custody by the Respondent. Accordingly, he filed this Petition for Writ of Habeas Corpus. The Petitioner now requests that we appoint him

16

FILED SEP 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

legal counsel. In support of this Motion for Appointment of Counsel, he stresses that he is indigent, and cannot afford an attorney.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Petitioner, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the [Petitioner] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the [petitioner] and the court will substantially benefit from the appointment of counsel * * *").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Petitioner to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra;

Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court has not and will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Petitioner's lack of legal knowledge has presented some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his Petition, however, upon our review of the submissions which he has submitted to the Court thus far, we are satisfied that he possesses the capacity to develop and articulate the grievances which are presented by his Petition. Accordingly, we deny the Petitioner's Motion for an Appointment of Counsel.

NOW, THEREFORE, It is --

ORDERED:

That the Petitioner's Motion for an Appointment of Counsel [Docket No. 15] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE