**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DANIEL WESLEY ALLEN,

Petitioner,

v.

Warden CONSTANCE REESE,

Respondent.

Civil No. 01-1097 (RHK/RLE)

**ORDER**

This matter is before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 31.) Petitioner is attempting to appeal an order entered on April 23, 2002, (Docket No. 28), which denied his application for a writ of habeas corpus under 28 U.S.C. § 2241.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

MAY 16 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Petitioner represents that he receives occasional gifts from friends and family, but he has no other source of income. According to his IFP application, Petitioner has $156.68 in his prison trust account, but he has no other assets. Based on this information regarding his income and assets, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly dismissed, the Court is not prepared to rule that Petitioner's appeal in this matter is legally "frivolous," as that term has been defined by the Supreme Court. Therefore, the Court concludes that Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and that his application for IFP status on appeal should be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 31), is GRANTED.

Dated: May 16, 2002

RICHARD H. KYLE
United States District Court Judge